[Cite as *State v. Owings*, 2014-Ohio-3953.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY   COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 26075 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 13-CRB-9122 |
| v. | : | |
| | : | |
| GEORGE A. OWINGS | : | (Criminal Appeal from |
| | : |  Dayton Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the _____12th_____ day of _____September_____, 2014.

. . . . . . . . . . .

JOHN J. DANISH, Atty. Reg. #0046639, and STEPHANIE L. COOK, Atty. Reg. #0067101, by
ANDREW D. SEXTON, Atty. Reg. #0070892, Dayton Municipal Prosecutor's Office, 335 West
Third Street, Room 372, Dayton, Ohio 45402
        Attorneys for Plaintiff-Appellee

DAVID M. MORRISON, Atty. Reg. #0087487, Post Office Box 750383, Dayton, Ohio 45475
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1}     George A. Owings appeals from his conviction and sentence on one count of
aggravated menacing, a first-degree misdemeanor.

{¶ 2}     In his sole assignment of error, Owings contends his conviction is against the
manifest weight of the evidence.

{¶ 3}     The record reflects that Owings shared a residence with Mariah Dorsey and their two young children. On the morning of September 18, 2013, Dorsey's mother, Mary Bates, arrived at the residence to jump-start Dorsey's car and to pick up the children.  At trial, Bates testified that she encountered Owings, who was standing at the front door inside the residence screaming at her. Bates stated that she returned to her car. She then saw Owings come through the front door and point a gun toward her car. According to Bates, she was in the car at the time, along with her two grandchildren, and she feared that Owings was going to shoot her. (Tr. at 7-9). Bates testified that she remained in her vehicle and called the police. (*Id*. at 10).

{¶ 4}     Mariah Dorsey also testified for the prosecution. Dorsey stated that she had been arguing with Owings prior to Bates's arrival. Dorsey recalled Bates stepping inside the residence and exchanging words with Owings after arriving. (*Id*. at 26-27). According to Dorsey, she and her mother then exited the house. Dorsey proceeded to put her youngest child in the back seat of Bates's car as Bates and Owings continued arguing. (*Id*. at 28-29). Dorsey could not see what Owings was doing because her back was turned toward him. As a result, she was not in a position to see whether he had a gun pointed at Bates's car. (*Id*. at 29-30). Dorsey confirmed, however, that a gun had been present in the house the previous night. (*Id*. at 30).

{¶ 5}     The State's final witness was police officer Timothy Liddy. He testified that he arrived with other officers approximately four minutes after being dispatched on a report of a complainant being threatened with a handgun. (*Id*. at 37-38). Liddy described Bates as being "hysterical" when he met her at the scene. (*Id*. at 39). He explained: "She was crying when we arrived; she was walking down the sidewalk crying stating that she had been threatened; that somebody was going to shoot her and she was shaking really bad, hard to understand, I had to get her calmed down." (*Id*.). On cross examination, Liddy agreed his police report indicated that

Bates had claimed to be inside the living room when Owings pulled a gun on her and that she had remained there when Owings exited the front door. (*Id*. at 41).

**{¶ 6}** The only other witness was Owings, who testified in his own defense. Owings admitted arguing with Dorsey and Bates on the morning in question. He testified that he then watched the two women from the front door while they were in the driveway. (*Id*. at 43-45). He denied retrieving or possessing a gun. (*Id*. at 45, 47). According to Owings, he did not "stay around for the police to come." (*Id*. at 47). Instead, he left out the back door. (*Id*.).

**{¶ 7}** Based on the evidence presented, the trial court found Owings guilty of aggravated menacing. It sentenced him to community control and ordered him to pay a $200 fine and court costs. This appeal followed.[1]

**{¶ 8}** As set forth above, Owings's assignment of error challenges the weight of the evidence to sustain his conviction. He contends inconsistencies in Bates's testimony and discrepancies between her testimony and Dorsey's rendered Bates's allegations unworthy of belief. Specifically, he claims inconsistencies and discrepancies existed with regard to where Bates parked, how the two children got into her car, where she was when she allegedly saw him with a gun, whether she went inside the house, and when he left the house. Owings also stresses that Bates was the only witness who testified about him brandishing a firearm, which was not found at the scene.

**{¶ 9}** When a conviction is challenged on appeal as being against the weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable

---

[1]The trial court's docket reflects that Owings's community control has been terminated. His misdemeanor appeal is not moot, however, because the trial court's docket reflects that his fine remains unpaid. Therefore, it cannot be said that he voluntarily has completed his sentence.

inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins,* 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). In a manifest-weight analysis, the credibility of the witnesses and the weight to be given to their testimony are primarily for the trier of facts to resolve. *State v. DeHass,* 10 Ohio St.2d 230, 227 N.E.2d 212 (1967). "Because the factfinder, be it the jury, or, * * * the trial judge, has the opportunity to see and hear the witnesses, the cautious exercise of discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that a substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witnesses." *State v. Lawson,* 2d Dist. Montgomery No. 16288, 1997 WL 477684, *5 (Aug. 22, 1997).

{¶ 10} With the foregoing standard in mind, we conclude that Owings's conviction is not against the manifest weight of the evidence. He was found guilty of violating R.C. 2903.21(A), which provides: "No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person[.]" Bates's testimony undoubtedly supported a conviction under this statute. *See*, *e.g.*, *State v. El-Hardan*, 2d Dist. Montgomery No. 24293, 2011-Ohio-4453, ¶ 43, quoting *State v. Brooks*, 44 Ohio St.3d 185, 192, 542 N.E.2d 636 (1989) (recognizing that pointing a deadly weapon at someone justifies an aggravated menacing conviction). With regard to the credibility of Bates's testimony, the trial court stated: "While I was troubled by some of the inconsistencies in Miss Bates' testimony, * *

* I do feel that in the significant facts of this case that she was being truthful about Mr. Owings holding a gun at her and making threats to her so I'm going to find him guilty of the aggravated menacing." (Tr. at 52).

{¶ 11} Upon review, we find it appropriate to defer to the trial court's determination regarding Bates's credibility. Although the record reveals some inconsistencies or discrepancies on the secondary issues cited by Owings, Bates unequivocally testified that he pointed a gun at her and caused her to fear being shot. This crucial allegation is consistent with Officer Liddy's description of Bates as being "hysterical" when she told him about the incident. Bates's allegation also is consistent with Owings's act of fleeing out the back door before police arrived. We note too that any inconsistencies in her testimony reasonably might be attributed to her admitted nervousness while testifying. (Tr. at 13). Having reviewed the record, we cannot say the trial court clearly lost its way in accepting Bates's testimony that Owings pointed a gun at her and in finding him guilty of aggravated menacing. The assignment of error is overruled.

{¶ 12} The trial court's judgment is affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and WELBAUM, J., concur.

Copies mailed to:

John J. Danish / Stephanie L. Cook
Andrew D. Sexton
David M. Morrison
Hon. Edward Utacht
(sitting for Judge Carl Sims Henderson)